IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOSE MARTINEZ-RODRIGUEZ,<br><br>                    Defendant. | 4:13-CR-3118<br><br>TENTATIVE FINDINGS |

   The Court has received the revised presentence investigation report (PSR) in this case. There were no objections to the report. The defendant has moved for a departure and variance. Filing 25.

   IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)   impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)   depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)   in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that

        called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has moved for a departure and for a variance. Filing 25. The defendant requests a departure based upon cultural assimilation. *See* U.S.S.G. § 2L1.2 n.8. Alternatively, the defendant argues that a variance is warranted based on these same facts, along with the factors set forth in 18 U.S.C. § 3553(a). Finally, the defendant argues that a variance is appropriate because, although he did not sign a "fast track" plea agreement, he is willing to give the government most of the benefit of such an agreement by (1) consenting to reinstatement of the previous order of removal against him, and (2) agreeing to waive his right to appeal and collateral attack. The Court will resolve each of these motions at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 20th day of February, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

- 2 -